■ In the Matter of the Claim of CLARE HAYES, Appellant, against MID STATE BODY COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— The claimant-widow appeals from a nonunanimous decision of the Workmen's Compensation Board, reversing a referee's finding that her husband's disability after December 17, 1954 was related to an accident on February 2, 1949, in which decedent was struck by a truck and sustained contusions of the right thigh and multiple fractures of the pelvis. The claimant, aged 72, on February 2, 1949, at the time of the truck accident, was found to be in the course of his employment and received awards, which were paid until December 17, 1954. At that time he was permanently disabled from arteriosclerotic heart disease, his fractures having healed well. His attending physician concluded, however, that his heart condition was aggravated by the symptoms of the pelvic fractures in this way: the fractures damaged nerve, vascular and muscle tissue which impaired the strength and mobility of his legs, which combined with decedent's obesity, imposed an added strain on his heart. For the employer, an internist testified that decedent's total disability was as a result of his congestive heart disease which

was totally unrelated to the accident. An orthopedist testified that decedent had made an excellent recovery from his injuries and that the edema in his legs was secondary to heart disease. There was thus presented a conflict of medical opinions which the board was entitled to resolve by acceptance of the employer's physician's testimony as to causal relationship. This determination we feel was based upon substantial evidence. Decision affirmed, without costs. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.